# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

JONATHAN ARMATO
on behalf of himself                                    No:
and all others similarly situated,

                Plaintiff,

v.

AIR METHODS CORPORATION and
ROCKY MOUNTAIN HOLDINGS, LLC,

                Defendants.

## CLASS ACTION COMPLAINT AND JURY DEMAND

Plaintiff Jonathan Armato ("Armato" or "Plaintiff") by and through his counsel, brings this action individually and on behalf of all others similarly situated (the Class), and alleges as and for his Class Action Complaint against Defendants Air Methods Corporation and Rocky Mountain Holdings, LLC, (hereafter "Defendants"), upon personal knowledge as to himself and his own acts, and as to all other matters upon information and belief, based upon, *inter alia*, the investigation made by his attorneys, as follows:

### INTRODUCTION

1.     Plaintiff brings this proposed class action on behalf of himself and all other similarly situated persons charged by Defendants for the emergency helicopter transportation of patients to hospitals throughout the United States. For individuals like Plaintiff, first responders or other emergency personnel or medical providers determine whether a patient needs helicopter transport to the hospital, or to a different medical facility, capable of treating the patient's

medical condition. The transportation is arranged by parties other than the patients themselves and the patients are then transported.

2. Based upon the emergent medical condition of the Plaintiff, and members of the Proposed Class, and the manner in which such helicopter transportation is arranged and provided, neither Plaintiff nor members of the Proposed Class can provide knowing, voluntary, and informed consent for the helicopter transportation services offered by Defendants.

3. Upon information and belief, Defendants do not attempt to elicit any assent from patients prior to transport, and do not communicate with the patients for the purpose of determining whether they assent to transportation by Defendants, nor the terms or conditions of that transportation.

4. Defendants do not engage in any contract negotiations nor is there any mutuality of agreement free from duress to pay for Defendants' transportation services. As a result, there is no express contract, written or oral, nor implied contract for the helicopter transportation between Plaintiff, and the Proposed Class, on one hand, and the Defendants on the other.

5. Only after the transportation is complete do Defendants send a bill or notice of the amount charged by the Defendants for the helicopter transportation services, which charge is comprised of a "helicopter rotor base" charge and a "helicopter rotor miles" charge, (collectively, the "charged amount") and demands payment from the Plaintiff and the Proposed Class. This bill, which is frequently in the tens of thousands of dollars, is the first time Plaintiff and members of the Proposed Class learn directly from Defendants the prices charged by Defendants for the helicopter transportation.

6. The members of the Proposed Class can include the patient transported, the legal custodian of the patient (in the case of minor or incapacitated patients), the estate of a deceased patient, or any person or entity from whom Defendants have demanded payment.

7. Typically, Defendants first seek reimbursement of the charged amounts from third party payors (usually an insurer in cases where the patient is lucky enough to have coverage) through an assignment of the patients' contractual right to insurance coverage and indemnification for reasonable medical costs incurred by the patient.

8. Insurers customarily do not pay the full amount charged by Defendants because the charged amount is neither usual, customary nor reasonable.

9. In spite of accepting the amounts paid by insurance, Defendants often do not fully exhaust the insurance benefits assigned to them, but rather seek to engage the patients with "settlement" of the outstanding balance based upon an unspecified entitlement to payment. If such attempts are unsuccessful, Defendants then engage in detrimental conduct such as initiating collection actions, reporting unpaid balances to credit reporting agencies, referring the "debt" to a debt collection agency, and/or initiating a lawsuit in the state courts.

10. While seeking to collect payments for the helicopter transportation from patients, Defendants attempt to use the pre-emption provision of the Airline Deregulation Act of 1978 ("ADA") as both a sword and a shield.

11. The ADA provides:

> "[A] State, political subdivision of a State, or political authority of at least 2 States may not enact or enforce a law, regulation, or other provision having the force and effect of law related to a price, route, or service of an air carrier that may provide air transportation under this subpart."

49 U.S.C. § 41713(b)(1).

3

12. Upon information and belief, the Defendants are "air carriers", and hold themselves out as "air carriers" as defined by 49 U.S.C. § 40102(a)(2).

13. While the ADA may preempt certain state-imposed obligations, the ADA does not preempt a "state-law-based court adjudication" concerning a contractual obligation "voluntarily" undertaken by the parties. *Nw., Inc. v. Ginsberg*, 572 U.S. —, 134 S. Ct. 1422, 1432 (2014) (citing *Am. Airlines, Inc. v. Wolens*, 513 U.S. 219, 232, 115 S. Ct. 817, 826 (1995).

14. Here, Plaintiff's, and the Proposed Class', claims do not involve any state-imposed obligations; instead, it seeks to determine the existence, if any, of any legal obligation voluntarily undertaken by Plaintiffs (and the Proposed Class) and the Defendants as to the helicopter transportation that is enforceable under state law. *Wolens*, 513 U.S. at 232–33, 237, 115 S. Ct. at 826, 828.

15. The ADA itself does not require or create an obligation by patients to pay the helicopter transportation prices unilaterally set and charged by Defendants. As a result, Defendants must establish a legal basis entitling them to payment.

16. In this action, Plaintiff, on behalf of himself and the Proposed Class, seeks to enjoin Defendants from engaging in any collection efforts of the prices charged related to the helicopter transportation of patients as Defendants have not, and do not, demonstrate any entitlement to payment or right to collect the amounts sought not pre-empted by federal law (*i.e.* the ADA). In particular, in no instance can Defendants demonstrate a voluntarily undertaken obligation by Plaintiff and the Proposed Class to pay for the helicopter transportation which is not pre-empted by the ADA.

## PARTIES

17. Plaintiff Jonathan Armato is a citizen of the State of Texas.

18. Defendant Air Methods Corporation is incorporated under the laws of Delaware with a principal place of business located at 7301 South Peoria Street, Englewood, Colorado 80112. On information and belief, Defendant Air Methods Corporation is a holding company that owns and operates under a variety of company names across the country, including as Rocky Mountain Holdings, LLC. Air Methods Corporation directs all collection efforts jointly with the Defendant Rocky Mountain Holdings, LLC and the Defendants direct their actions from their corporate headquarters located in the State of Colorado.

19. Defendant Rocky Mountain Holdings, LLC, is a limited liability company organized under the laws of Delaware with a principal place of business located at 7301 South Peoria Street, Englewood, Colorado 80112. Upon information and belief, the sole member of Rocky Mountain Holdings, LLC is Defendant Air Methods Corporation.

## JURISDICTION AND VENUE

20. This Court has original, federal subject matter pursuant to 28 U.S.C. § 2201 (and § 2202 in the event "further relief" is applicable), and the laws, Constitution, or treaties of the United States; in particular, the Airline Deregulation Act of 1978, 49 U.S.C. § 41713(b)(1). This Court also has original jurisdiction pursuant to 28 U.S.C. § 1331 and § 1332(d)(2). Further, under the Class Action Fairness Act, the matter in controversy, exclusive of interest and costs, exceeds the sum or value of five million dollars ($5,000,000.00) and is a class action in which Plaintiff and members of the Class are citizens of states different from the states of citizenship of Defendants.

21. This Court has personal jurisdiction over Defendants because they are authorized to do business and are conducting business throughout the United States, including in Colorado; they have sufficient minimum contacts with the various states of the United States, and the State of Colorado; and/or sufficiently avail themselves of the markets of the various states of the United States, including Colorado, to render the exercise of jurisdiction by this Court proper.

22. Venue is proper in this district under 28 U.S.C. § 1391(b)(2) because a substantial part of the events and omissions giving rise to this claim occurred in this District and Defendants maintain offices in this District.

23. Venue is also proper because: (a) Defendants are authorized to conduct business in this District and have intentionally availed themselves of the laws and markets within this District; (b) do substantial business in this District; and (c) are subject to personal jurisdiction in this District.

**FACTS**

24. On or about January 13, 2019, Plaintiff, a citizen of Texas, had a grand mal seizure and sustained major injury to his tongue that he had nearly bitten off during the seizure at his parent's home in Lake Havasu City, Arizona. He was initially transported via ground ambulance to Havasu Regional Medical Center. Due to the seriousness of his injury, the ER Physician made the decision to contact Air Methods. Plaintiff was subsequently transported by helicopter approximately 125 miles to the University Hospital Medical Center in Las Vegas, Nevada by Defendants.

25. Plaintiff did not sign or otherwise execute any written contract or agreement with Defendants for the helicopter transportation services provided by Defendants.

6

26. Plaintiff did not orally agree to or otherwise affirmatively consent to contract for the helicopter transportation services of the Defendants.

27. Defendants did not seek to elicit, nor did the Plaintiff manifest, any intention to enter into any agreement with the Defendants regarding his transportation. As a matter of its practice and policy, Defendants do not seek any manifestation of voluntary assent from the patient to the terms of transportation.

28. Based upon his medical condition, Plaintiff did not, and could not, provide knowing and informed consent to contract for the helicopter transportation services offered by Defendants.

29. Following the transport, Defendants billed Plaintiff Armato a total of $69,999.00 and itemized this charge as $32,081.84 as the Base charge, along with an additional $37,917.16 as the Mileage charge (though no exact mileage amount is disclosed). *See* **Exhibit A**, March 11, 2019 Invoice. This invoice provided by Defendants was the first time Plaintiff learned directly from Defendants of the itemized prices Defendants charged for the transportation services.

30. Plaintiff Armato was insured through Molina Healthcare of Texas. The Defendants' invoice was submitted for payment to the insurer.

31. Molina Healthcare, Plaintiff's third party payor, upon submission of the charges by the Defendants, paid Defendants $13,115.60 as its portion for payment in full for the usual and customary rate of the services provided by Defendants to the insured. Defendants took no further action themselves to collect against Molina Healthcare. *See* **Exhibit A.**

32. Defendants' balance billed Mr. Armato in the amount of $56,883.40. *See* **Exhibit A.**

33. Defendants sent a final notice threatening collection on April 9, 2019. *See* **Exhibit B.**

34. Defendants conduct with respect to Plaintiff Armato is consistent with their common and uniform business practice of transporting patients without any voluntary assent by or agreement with those patients, to then seek payment from the patients' insurance carrier, and upon partial payment of the amount charged, to balance bill the patient and/or initiate collection efforts - all in the absence of any legal entitlement to payment.

35. Upon information and belief, Defendants' policy and practice of transporting patients, like Plaintiff and the Proposed Class, without voluntary assent to the terms of transport, was implemented by the Defendants at their corporate headquarters in Colorado.

## CLASS ACTION ALLEGATIONS

36. This action is brought and may be maintained as a class action pursuant to Rule 23 of the Fed. R. Civ. P. The requirements of Fed. R. Civ. P. 23(a) and (b)(1), (2) and (3) are met with respect to the class defined as follows:

> All individuals who have been charged by Defendants for medical transport by Defendants from a location within the United States.
>
> Excluded from the Class are Defendants, any entity in which Defendants have a controlling interest or which have a controlling interest of Defendants, and Defendants' legal representatives, assigns and successors. Also excluded are the judge to whom this case is assigned and any member of the judge's immediate family.

37. There is another putative class action case pending against the Defendants in the District Court of Colorado that also involve Proposed Class members in various States besides the States of Arizona, Nevada and Texas implicated by this case.

38. Plaintiff reserves the right to redefine the Proposed Class prior to class certification.

8

39. The members of the Proposed Class are so numerous that joinder of all members is impracticable.

40. The exact number of Class members is unknown as such information is in the exclusive control of Defendants. However, due to the nature of the trade and commerce involved, Plaintiff believes the Proposed Class consists of thousands of Class Members.

41. The prosecution of separate actions by individual class members:

   a. would create inconsistent and varying adjudications that would establish incompatible standards of conduct by the Defendants; and

   b. would, as a practical matter, be dispositive of the interests of other class members not parties to individual adjudications, and would substantially impede their ability to protect their interests.

42. Defendants have executed a common and uniform business practice, as alleged above, that generally applies to the Proposed Class so that final injunctive relief and corresponding declaratory relief is appropriate respecting the class as a whole.

43. Common questions of law and fact affect the right of each Class member and a common relief by way of declaratory judgment and injunction, including at least the following:

   a. Did Plaintiff and the Proposed Class undertake a voluntary, non-pre-empted obligation to pay Defendants for the helicopter transportation?;

   b. Did the Defendants demand payment of the charged amount despite the absence of a voluntarily obligation undertaken by Plaintiff and the Proposed Class?;

   c. Did the Defendants disclose the terms of transportation to the patients prior to transportation?;

   d. Did the Defendants receive payment(s) from Plaintiff and the Proposed Class, or their insurers, for the helicopter transportation despite the absence of a voluntarily obligation undertaken by Plaintiff and the Proposed Class?;

    e.    Did the Defendants initiate collection actions or engage in other collection activity that caused damage to Plaintiff and the Proposed Class despite the absence of a voluntarily obligation undertaken by Plaintiff and the Proposed Class?;

    f.    Whether the Court should grant injunctive relief to Plaintiff and the Proposed Class to prevent all further collection efforts by the Defendants?;

    g.    Whether the Airline Deregulation Act, 49 USC §41713(b)(1), preemption provisions prohibit Defendants from seeking collection of charged amounts in state or federal court in the absence of any voluntary undertaking by those patients?; and

    h.    What are the respective legal rights and obligations of the parties related to Defendants efforts to seek payment of their charged amounts in light of the preemption provisions of the ADA?.

44. The claims and defenses of the named Plaintiff are typical of the claims and defenses of the Proposed Class. Plaintiff and all members of the Proposed Class have been charged by the Defendants prices for transportation mileage and helicopter rotor base charge that they did not agree to prior to transportation of patients.

45. Plaintiff will fairly and adequately assert and protect the interests of the Proposed Class. Specifically, he has hired attorneys who are experienced in prosecuting class action claims and will adequately represent the interests of the class and he has no conflict of interest that will interfere with the maintenance of this class action.

46. A class action provides a fair and efficient method for the adjudication of this controversy for the following reasons:

    a.    The common questions of law and fact set forth herein predominate over any questions affecting only individual class members;

    b.    The Proposed Class is so numerous as to make joinder impracticable but not so numerous as to create manageability problems;

    c.    There are no unusual legal or factual issues which would create manageability problems;

      d.      Prosecution of separate actions by individual members of the Proposed Class would create a risk of inconsistent and varying adjudications against Defendants when confronted with incompatible standards of conduct; and

      e.      Adjudications with respect to individual members of the Proposed Class could, as a practical matter, be dispositive of any interest of other members not parties to such adjudications, or substantially impair their ability to protect their interests.

## CAUSES OF ACTION

### COUNT I

**(Declaratory and Further Relief Pursuant To 28 U.S.C. §2201 and § 2202)**

47. Plaintiff and the Proposed Class incorporate the preceding and succeeding paragraphs as though fully set forth herein.

48. Prior to the receipt of services, Defendants make no attempt to establish any voluntary obligation by Plaintiff, and the Proposed Class, to the terms of transportation to be provided by the Defendants.

49. Defendants seek whatever insurance benefits inure to the Plaintiff and the Proposed Class for payment of their charges.

50. In the event third party payment is less than the charged amounts, Defendants demand payment ("Balance Bill") from the Plaintiff and the Proposed Class.

51. In the event Plaintiff and the Proposed Class do not pay Defendants the amounts demanded, Defendants threaten and initiate collection efforts, report the unpaid amount as bad debt to credit reporting agencies, accrue interest and fees, and ultimately file suit in state court – all for the purpose of coercing Plaintiff and the Proposed Class into compromise payments that they do not owe and Defendants cannot legally collect.

52. Plaintiff seeks injunctive and declaratory relief for the purposes of determining questions of actual controversy between the Plaintiff and the Proposed Class and Defendants.

53. Defendants have acted in a uniform manner in failing to enter into a mutual contract with respect to their transportation services before rendering their services, balance bill the Plaintiff and the Class in the event the charged amounts are not paid, and engage in collection efforts detrimental to the Plaintiff and the Proposed Class to collect the charged amount in spite of having no, non-preempted legal right to payment.

54. Defendants have acted or refused to act on grounds that apply generally to Plaintiff and the Class such that declaratory relief to determine whether Defendants and Plaintiff, and the Proposed Class, have undertaken voluntary obligations not preempted by the Airline Deregulation Act, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the Proposed Class as a whole within the meaning of Fed. R. Civ. P. 23.

55. There is an actual dispute and controversy between Plaintiff, and the Proposed Class, and Defendants related to Defendants' business practice in attempting to collect the charged amounts.

56. Plaintiff and the Proposed Class suffered substantial hardship due to Defendants' actions, including but not limited to embarrassing collection efforts, damage to credit, threat of collection, and other economic injury.

57. Defendants charging and collection efforts create an actual controversy entitling Plaintiffs and the class to Declaratory Judgment as aforesaid.

58. Plaintiff and the Class have no adequate remedy at law.

59. Plaintiff seeks declarations to determine his rights and the rights of the Proposed Class Members, in particular:

   a. The Court finds that given the emergent medical condition of patients and the circumstances under which Defendants' medical air transportation services were provided, Plaintiff and the Class cannot be presumed to have voluntarily

undertaken any legal obligation to pay Defendants for the transportation services they have provided;

b. The Court finds that Defendants do not seek, nor do they receive, any manifestation from the patients they transport, of an intent to enter into any mutual agreement concerning the terms under which Defendants will transport the patients prior to their transportation; in particular, there is no mutual assent sought nor received from the patients regarding the payment for that transportation;

c. The Court finds that Plaintiff and the Class do not have a legal obligation to pay the amounts charged by the Defendants for the transportation services they provided;

d. The Court finds that Defendants do not have a legal right or entitlement to collect from Plaintiff and the Class the amounts charged by the Defendants for the transportation services they provided;

e. The Court finds that Defendants have engaged in collection efforts against Plaintiffs and the Class for amounts that the Plaintiffs and the Class have no legal obligation to pay;

f. The Court finds that Defendants do not have a legal right or entitlement to collect from Plaintiff and the Class the amounts charged by the Defendants for the transportation services they provided and as such all sums collected from Plaintiff and the Class, or third party payors, should be disgorged;

g. The Court finds that the Airline Deregulation Act, 49 U.S.C. §41713(b)(1), preempts Defendants from seeking judicial enforcement or judgment against Plaintiff and the Class for the amounts charged by the Defendants for the transportation services they provided where Plaintiff and the Class did not voluntarily undertake any legal obligation to pay Defendants;

h. The Court finds that the Airline Deregulation Act, 49 U.S.C. §41713(b)(1), preempts Defendants from seeking judicial enforcement or judgment against Plaintiff and the Class for the amounts charged by the Defendants and as such Defendants have no legal entitlement to payment from the patients, nor their third party payors, and cannot demand payment from, nor on behalf of any patients; and

i. The Court finds that the Airline Deregulation Act, 49 U.S.C. §41713(b)(1), preempts Defendants from any legal entitlement to payment from Plaintiff and the Class for the amounts charged by the Defendants for transportation.

60. Pursuant to 28 U.S.C. § 2202, "Further necessary or proper relief based on a declaratory judgment or decree may be granted, after reasonable notice and hearing, against any adverse party whose rights have been determined by such judgment."

61. Plaintiff and the Proposed Class further seek a prospective order from the Court requiring Defendants to cease attempts to collect outstanding bills for which no agreement exists from Plaintiff and the members of the Proposed Class.

62. Plaintiff and the Proposed Class seek the disgorgement by Defendants of all sums collected by the Defendants from (i) third party payers and (ii) the Proposed Class who have paid any amounts charged by the Defendants and other relief as set forth in the prayer below.

63. Defendants' collection efforts damage the credit of Plaintiff and the Proposed Class, cause them to incur legal fees and litigation expenses, expose Plaintiff and the Proposed Class to claims for interest on unpaid Defendants' charges, and vexing and harassing collection efforts. As a result of Defendants' practices as described above, Plaintiff and the Proposed Class have suffered, and will continue to suffer, irreparable harm and injury.

64. Accordingly, Plaintiff and Members of the Proposed Class respectfully ask the Court to enter a permanent injunction ordering Defendants to cease and desist their practice of attempting to collect from Plaintiff and the Proposed Class for helicopter transportation in the absence of any voluntarily obligation to pay undertaken by Plaintiff and the Proposed Class.

## COUNT II

### (Equitable Restitution)

65. Plaintiff and the Proposed Class incorporate the preceding and succeeding paragraphs as though fully set forth herein.

66. As stated hereinabove, Plaintiff and the Proposed Class have not agreed to any voluntary undertaking of a legal obligation to pay Defendants for air medical transportation services.

67. Because there has been no mutual assent by Plaintiff and the Proposed Class, Plaintiff and the Proposed Class have no legal, non-pre-empted obligation to pay the amounts charged by Defendants. Likewise, Defendants have no legal right or entitlement to collect payment of the amounts charged by Defendants.

68. In all instances, Defendants have claimed an entitlement to payment beyond and apart from any voluntary undertaking agreed to by the parties.

69. Defendants sought and received, where available, payment of medical insurance benefits from third party payors paid for by the Plaintiff and the Proposed Class via payments of premiums to third party payors. The medical insurance benefits owned to Plaintiff and the Proposed Class obligated third party payors to pay for the reasonable cost of services which the Plaintiff and the Proposed Class and their beneficiaries were contractually entitled to and legally obligated to pay to a service provider.

70. In each instance mentioned above, the Airline Deregulation Act preempts any state common law obligations the parties themselves did not voluntarily undertake. As such, Plaintiff and the Proposed Class, and their third party payors do not have any legal obligation to pay Defendants for the air medical transportation services.

71. No voluntarily assumed agreement, certain in its terms, exists between Defendants and Plaintiff and the Proposed Class for the payment of the air medical transportation services provided by the Defendants.

72. Defendants sought, and obtained, from Plaintiff's and the Proposed Class' third party payors compensation at the reasonable value of the medical transportation services Defendants provided.

73. Defendants' receipt of any funds from third party payors unjustly enriched the Defendants. Or, at the very least, Defendants' receipt of any funds from third party payors beyond the reasonable value of those services unjustly enriched the Defendants.

74. Because Defendants failed to obtain manifestation of mutual assent, and mutual acceptance of terms of any voluntary undertaking by Plaintiff and the Proposed Class, Plaintiff and the Proposed Class are entitled to restitution of all sums paid or restitution of all sums paid greater than the reasonable value of the services provided.

75. Accordingly, Plaintiff and the Proposed Class respectfully ask the Court to determine and declare the amount received by the Defendants for transportation of patients who had no legal obligation to pay and to enter a judgment for restitution in Plaintiff's and the Proposed Class' favor and against Defendants for all sums collected by the Defendants in excess of that legal entitlement.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of the Proposed Class of persons described herein, prays for an Order as follows:

a) Entering an order certifying the proposed Class (and subclasses, if applicable), designating Plaintiff as the class representative, and designating the undersigned as class counsel;

b) Awarding Plaintiff all costs and disbursements, including attorneys' fees, experts' fees, and other class action related fees, costs, and expenses;

c) Imposing a constructive trust, where appropriate, on amounts wrongfully collected from Plaintiff and the Class Members pending resolution of their claims herein;

        d)       Issuing appropriate declaratory and injunctive relief to declare the rights of Plaintiff and the Class Members;

        e)       Enjoin Defendants from all collection efforts initiated against the Plaintiff and the Class;

        f)       Direct Defendants to inform all credit reporting agencies that Plaintiff and the Class have no outstanding obligations to the Defendants and that all such prior reported debts are fully satisfied;

        g)       To enter a judgment in restitution for the amount paid to the Defendants for transportation of the Plaintiffs and the Proposed Class;

        h)       For such other further relief under 28 U.S.C. § 2202 merited by the declarations; and

        i)       Granting such further relief as the Court deems just.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all claims and issues.

Date: June 19, 2019　　　　　　　　　　　　　　Respectfully Submitted By:


                                                 s/ Richard J. Burke _____
                                                 Richard J. Burke
                                                 richard@qulegal.com
                                                 Jamie Weiss
                                                 jamie@qulegal.com
                                                 Zachary A. Jacobs
                                                 zach@qulegal.com
                                                 Grant Lee
                                                 grant@qulegal.com
                                                 QUANTUM LEGAL, LLC
                                                 513 Central Avenue, Suite 300
                                                 Highland Park, IL 60035
                                                 Phone: (847) 433-4500
                                                 Fax:  (847) 433-2500

                                        Mitchell Baker
                                        mitchbaker@estreet.com
                                        Attorney at Law
                                        543 Champa Street, Suite 400
                                        Denver, CO 80202
                                        Phone: (303) 592-7353